IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | | |
|---|---|---|---|
| TONYA RANEE SCATES, | ) | | |
| | ) | | |
| Plaintiff, | ) | Case No. 5:15-cv-00032 | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| SHENANDOAH MEMORIAL | ) | By: | Michael F. Urbanski |
| HOSPITAL, | ) | | United States District Judge |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION

This matter is before the court on defendant Shenandoah Memorial Hospital's ("SMH") bill of costs (ECF No. 85). Plaintiff Tonya Scates ("Scates") filed a brief in opposition (ECF No. 86), arguing that the bill of costs seeks fees that are not recoverable under 28 U.S.C. § 1920. SMH responded to Scates's brief in opposition. ECF No. 87. For the reasons that follow, the court will **AWARD** SMH costs in the amount of $8,445.50.

I.

Rule 54 of the Federal Rules of Civil Procedure permits a prevailing party to recover costs other than attorney's fees "[u]nless a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). This rule "creates a presumption that costs are to be awarded to the prevailing party." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999) (citations omitted). Congress has specified six categories of costs that may properly be taxed to the losing party, including "fees of the clerk and marshal," and "fees for . . . transcripts." 28 U.S.C. § 1920. Only these six categories are properly taxed; the

court may not impose costs on the losing party other than those contemplated in § 1920. Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 442 (1987).

## II.

Scates argues that SMH's bill of costs exceeds the boundaries of § 1920 in two ways. First, SMH's bill of costs includes fees for private process servers, which, unlike fees for marshals, are not included in the plain language of § 1920. ECF No. 86, at 2. SMH responds by first pointing out that "a 'clear majority of circuit courts recognize private process server fees are also taxable against the non-prevailing party.'" ECF No. 87, at 1 (quoting Schwarz & Schwarz of Va., LLC v. Certain Underwriters at Lloyd's, No. 6:07-cv-00042, 2010 WL 452743, at *3 (W.D. Va. Feb. 8, 2010)). SMH recognizes that these fees are usually taxed at the rate the U.S. Marshals Service would have charged, and therefore suggests the court reduce these fees by $65.[1]

Though the court in Schwarz & Schwarz noted that "a clear majority of circuit courts" allow the taxing of private process server fees, it also admitted that "there is a split in the courts" on this issue. 2010 WL 452743, at *3; see Francisco v. Verizon S., Inc., 272 F.R.D. 436, 442 (E.D. Va. 2011) ("Case holdings in this District are divided on the issue of whether fees for private process servers can be taxed as costs."). This split has not resolved itself in the almost seven years since Schwarz & Schwarz was decided, and the Fourth Circuit has still not spoken directly to this issue. However, recent cases in the Western District of Virginia reveal a trend against allowing the taxing of private process server fees. E.g.,

---

[1] SMH paid private process servers a total of $195 to serve two subpoenas. See ECF No. 85-1, at 3. Meanwhile, the Marshals Service charges "$65 per hour (or portion thereof) for each item served." 28 C.F.R. § 0.114(a)(3). Thus, SMH recommends that $130 be taxed to Scates—what the Marshals Service would have charged to serve the two subpoenas.

2

Bellofatto v. Red Robin Intern., Inc., No. 7:14cv00167, 2015 WL 3661043, at *2 (W.D. Va. June 12, 2015); Walker v. Mod-U-Kraf Homes, LLC, No. 7:12cv00470, 2014 WL 2450118, at *2 (W.D. Va. May 30, 2014); Whalen v. Rutherford, No. 3:12cv00032, 2013 WL 5591933, at *1 (W.D. Va. Oct. 10, 2013). The court will follow this trend. Though "there is no obvious policy reason why private process server fees should not be recoverable," Mayse v. Mathyas, No. 5:09cv00100, 2010 WL 3783703, at *4 (W.D. Va. Sept. 28, 2010), private process server fees are not included in the plain language of § 1920, and "this court is constrained to apply the statute as written," Bellofatto, 2015 WL 3661043, at *2. Accordingly, SMH's bill of costs is reduced by $195.

Second, though Scates recognizes that SMH may tax deposition costs, she argues that "the costs for expedited transcripts are not recoverable" unless the prevailing party shows necessity, which SMH has failed to do. ECF No. 86, at 2. Accordingly, Scates contends SMH should not recover the $608 it paid for the expedited transcript of the deposition of Debbie Campisi on August 5, 2016. Id. SMH responds that it was necessary to expedite the delivery of the Campisi transcript, because Campisi's deposition was voluminous, and was taken only seventeen days before the dispositive motions deadline. ECF No. 87, at 2. In the alternative, SMH suggests that the court reduce this cost by only $63—the amount attributable to its request to expedite the transcript. Id.; see ECF No. 87-2 (noting a $.35 per page "expedited premium," which, for 180 pages, totals $63).

"The Fourth Circuit has held that costs of a deposition, including transcript fees, should be awarded 'when the taking of a deposition is reasonably necessary at the time of its taking.'" Delapp v. Shearer's Foods, Inc., No. 1:15cv00020, 2016 WL 1718395, at *2 (W.D.

3

Va. Apr. 29, 2016) (slip op.) (citing Lavay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987)). Similarly, expedited fees may be taxed where those fees are "reasonably justified." Mann v. Heckler & Koch Def. Fund, No. 1:08cv611, 2011 WL 1599580, at *5 (W.D. Va. Apr. 28, 2011). Courts in this district have found reasonable justification for expedited transcripts "where depositions occurred within close proximity to a dispositive motions deadline" due to "a compressed discovery schedule," or delay based on "circumstances outside the defendant's control." Delapp, 2016 WL 1718395, at *2 (collecting cases); see McAirlaids, Inc. v. Kimberly–Clark Corp., 2014 WL 495748, at *10 (W.D. Va. Feb. 6, 2014).

SMH has pointed to no such factors here. This case was not subject to a compressed discovery schedule, and SMH has not alleged any delay due to Scates or any other uncontrollable circumstances. Scates's Second Amended Complaint, filed on November 17, 2015, mentions Campisi's presence at a meeting in which Scates was given a corrective action document, clearly indicating her importance in this matter. ECF No. 26, ¶ 36. Moreover, Campisi was an employee of SMH, and SMH presumably has been aware of Campisi's involvement in the circumstances underlying this case since the first complaint was filed in May of 2015. Campisi's deposition was taken "by agreement of the parties on July 11, 2016." ECF No. 87, at 2. SMH does not allege that Scates insisted on this late date, and otherwise provides the court no reason to think that, if SMH required more time, it could not have simply agreed with Scates to schedule the deposition earlier. Absent such an allegation, SMH has failed to demonstrate that it was necessary to expedite the transcript of Campisi's deposition. Accordingly, SMH's bill of costs is reduced by $63—the cost

4

attributable to expediting the deposition request.

### III.

In sum, Scates's two objections to SMH's bill of costs are **SUSTAINED**. Accordingly, the bill of costs is reduced by $258, and SMH is **AWARDED** costs in the amount of $8,445.50.

An appropriate Order will be entered.

Entered: 11-18-2016

/s/ Michael F. Urbanski
Michael F. Urbanski
United States District Judge

5

Case 5:15-cv-00032-MFU-JCH   Document 88   Filed 11/21/16   Page 5 of 5   Pageid#: 2810